USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 96-1704 UNITED STATES, Appellee, v. STEPHEN V. WOLFF, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Juan M. Perez-Gimenez, U.S. District Judge] ____________________ Before Selya, Boudin and Lynch, Circuit Judges. ____________________ Kevin G. Little on brief for appellant. Guillermo  Gil, United States Attorney, Joseph  J.  Frattallone, Assistant United States Attorney, and  Jose A. Quiles , Senior Litigation Counsel, on brief for appellee. ____________________ AUGUST 5, 1997 ____________________ Per  Curiam. We have carefully reviewed the parties' briefs and the record, and we affirm. Appellant challenges his sentence on two grounds. First, he claims the district court should have departed downward from the sentence suggested by U.S.S.G. S2F1.1 because, appellant claims, he was not the sole cause of the victims' losses. Appellant failed to raise this issue below, so the failure to depart is not subject to review, except for plain error (which does not appear here). United States  v.  Shattuck, 961 F.2d 1012, 1015 (1st Cir. 1992). Further, a district court's refusal to depart downward is not appealable unless the district court misinterprets the law as set out in the Sentencing Guidelines.  United States v. Lauzon , 938 F.2d 326, 330 (1st Cir. 1991). There is no indication in the record that the district court misinterpreted the Guidelines, so its decision will stand. Second, appellant contends the district court erred in failing to consider his financial circumstances when it ordered him to pay restitution to his victims. The Pre-Sentence Report did address the appellant's financial circumstances in detail, and this is sufficient under our prior decisions. United States v. Savoie, 985 F.2d 612, 619 (1st Cir. 1993). Affirmed. -2-